IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JEROME WEATHINGTON**                                                                           **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO.: 4:15CV171-MPM-SAA**

**OFC. CLARK, ET AL.**                                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

On March 15, 2016, plaintiff Jerome Weathington appeared before the undersigned for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act[1] applies to this case because the plaintiff was incarcerated when he filed this lawsuit.

### Plaintiff's Allegations

Jerome Weathington, a federal inmate, is currently serving his sentence in the custody of the Mississippi Department of Corrections. He was Placed in MDOC custody on May 28, 2015. In June 2015, he was transferred to the Mississippi State Penitentiary at Parchman ("Parchman"), where he remained until November 2015. In his lengthy complaint, he raises the following twenty-nine claims, as paraphrased by the court, concerning his treatment while he was housed at Parchman:

---

[1] 28 U.S.C. § 1915(g).

1) He has been denied his right to practice his Jewish faith.
2) His personal property was misplaced or taken.
3) The Rule Violation Report procedure violates due process and MDOC policy.
4) Failure to give advance written notice of disciplinary charges violated due process.
5) Officers used excessive force against him on August 12, 2015.
6) The Administrative Remedy Program has an unreasonably lengthy response time.
7) The unit has insect and rodent infestation.
8) Inmates are forced to play basketball in long pants.
9) Inmates are denied legal materials absent an active case number.
10) Administrative segregation conditions are unconstitutional.
11) Unit 29G has broken windows and cracks in the walls.
12) The guards work unreasonable hours, which causes them to fail to protect inmates.
13) The lack of cleaning supplies cause unsanitary conditions.
14) The food served to inmates is tasteless.
15) The guards assault the inmates.
16) The conditions in Unit 29A are unconstitutional.
17) Inmates are not provided with writing materials.
18) Male inmates only get one roll of toilet paper while females get two rolls.
19) The absence of mirrors causes inmates to cut themselves shaving.
20) Officers fail to deliver requests from the Inmate Legal Assistance Program box.
21) Parchman fails to provide hygiene items to certain inmates.
22) The mailroom rejects legal mail because of a two-page internet maximum.
23) Officers threaten inmates.
24) Inmates are unable to access Parchman's use of force policy.
25) The absence of sprinklers causes a fire safety hazard.
26) The absence of emergency duress buttons creates a dangerous environment.
27) There are no tables for eating or writing.
28) There are no hooks on which to hang wet clothing.
29) There is inadequate recreational time.

## Moot Claims

In his complaint, as amended, Weathington seeks only injunctive relief as to seventeen of his claims concerning conditions at Parchman. At some point after he filed his complaint, Weathington was transferred to the South Mississippi Correctional Institution in Leakesville, Mississippi. Because he is no longer housed at Parchman, and because any return to Parchman is merely speculative, these claims are rendered moot. *See Herman v. Holiday*, 238 F.3d 660,

665 (5th Cir. 2001) (holding transfer from unit rendered moot prisoner's claims for declaratory and injunctive relief). Accordingly, the claims above numbered as 6-8, 10-15, 18-19, 23, 25-29 should be dismissed as moot.[2] Additionally, because defendants 24 Unknowns are named in this suit based on claims rendered moot by Weathington's transfer, they should be dismissed from this action.

## Allegations Failing to State a Constitutional Violation

Several of Weathington's claims fail to state a claim upon which § 1983 relief may be granted: (1) the loss of his personal property (Claim 2); (2) failure to provide hygiene items (Claim 21); and (3) restriction of inmate access to the facility's use of force policy (Claim 24).

## Loss of Personal Property

According to Weathington, after he was placed in MDOC custody, his federal case manager mailed his personal property to Parchman, including all of his legal mail and personal effects, but the mailroom at Parchman rejected it in August 2015 because there was no return address on the package. At the direction of MDOC personnel, Weathington wrote the dead letter branch of the United States Postal Service multiple times, attempting to recover his property, but his inquires have gone unanswered. He asks the court to order that his property be returned to him or to award him its approximate $1,500 value.

To state a valid claim under 42 U.S.C. § 1983, a plaintiff must "allege a violation of a right secured. . . by the Constitution or laws of the United States" by a state actor. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). Section 1983 is not a source of substantive right but, rather, is a vehicle for "vindicating federal rights elsewhere conferred." *Baker v. McCollan*,

---

[2] Weathington also requests only injunctive relief as to Claims 9, 16, and 20. Because these claims are tethered to other surviving claims requesting monetary and/or policy change relief, however, they should proceed.

443 U.S. 137, 144 n.3 (1979). Weathington's allegations raise a claim under § 1983. *Birl v. Thaler*, 470 F. App'x. 362, 363 (5th Cir. 2012) (where a prisoner claims property deprivation by a prison official, he has presented a cognizable § 1983 claim). However, under a constitutional doctrine known as the *Parratt/Hudson* doctrine, "a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate postdeprivation remedy." *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

Mississippi inmates have the right under Mississippi's Constitution to seek recovery of damages for deprivation of property by prison officials. *See Johnson v. King*, 85 So.3d 307 (Miss.App. Mar. 27, 2012) (confiscation of inmate's drinking mug violated the Takings Clause of the state constitution). Because Weathington has "the prospect of compensation" under Mississippi's Constitution, he has an adequate post-deprivation remedy under State law. *See McClure v. Biesenbach*, 355 F. App'x 800, 805 (5th Cir. 2009) ("Post-deprivation process is adequate if it allows the prospect of compensation for the loss suffered."); *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982) ("The Due Process Clause grants the aggrieved party the opportunity to present his case and have its merits fairly judged."). Therefore, Weathington's remedy is a claim under state law, and this federal claim should be dismissed. Additionally, because Ms. Robinson was named in this action solely based on her involvement in attempting to retrieve Weathington's personal property, she should be dismissed as a defendant.

**Failure to Provide Hygiene Items**

Weathington claims that Parchman fails to provide basic hygiene items, such as deodorant and a toothbrush, to non-indigent inmates or inmates on lockdown or commissary

4

restriction. The Eighth Amendment's prohibition against cruel and unusual punishment requires that prisoners not be deprived of "the minimal civilized measure of life's necessities," such as the denial of food, clothing, shelter, protection, and medical care. *Herman v. Holiday*, 238 F.3d 600, 664 (5th Cir. 2001). This constitutional protection extends to those "conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989). To establish a constitutional violation, the plaintiff must not only show an "extreme deprivation" of life's necessities, but also demonstrate that the prison official possessed the requisitely culpable state of mind, *i.e.*, that "the official acted with deliberate indifference." *Herman*, 238 F.3d at 664 (citation omitted).

Weathington stated at his *Spears* hearing that he had a toothbrush upon his arrival at Parchman, though he apparently requested a new one, and that request was denied. He also stated that he was able to purchase deodorant from the prison canteen. Therefore, Weathington was not denied adequate access to hygiene, even if the court were to assume that the lack of deodorant triggers constitutional protections. Moreover, the fact that Weathington had to pay for hygiene items, or that the items were restricted at times, fails to state a constitutional claim. Prison officials may charge inmates for certain kinds of goods and services while incarcerated. *See, e.g., Morris v. Livingston*, 739 F.3d 740, 750–52 (5th Cir. 2014) (finding budgetary control is a legitimate penological interest and prisons may charge for medical care); *see also Brown v. Cockrell*, No. 3:01CV190, 2002 WL 638584, at * 3 (N.D. Tex. April 17, 2002) (finding prohibition of deodorant, lotion, and hair conditioner on lockdown did not trigger constitutional protections). Therefore, this claim should be dismissed.

**Failure to Provide Access to Policy**

Weathington maintains that the Inmate Legal Assistance Program ("ILAP") restricts inmate access to MDOC's policy number 16.13 — the use of force policy. He claims that this failure to provide information prevents inmates from knowing if the officer is violating an inmate's right to be free from excessive force under the policy.

An inmate certainly possesses a constitutional right to be free from excessive force under the Eighth Amendment. *See, e.g.*, *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). He does not have a constitutional right to know the internal standard operating procedure or policy of any particular facility regarding what constitutes an acceptable use of force, however, because the internal policy of Parchman does not govern the constitutional issue. Therefore, this claim should be dismissed.

**Respondeat Superior**

Section 1983 does not "create supervisory or respondeat superior liability." *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). To hold a supervisory official responsible for a § 1983 violation, a plaintiff must establish either (1) the official's personal participation in the alleged wrong, or (2) "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

In this case, Weathington names Marshall Fisher, Earnest Lee, Tony Foster, Richard Pennington, and Ron King as defendants in this lawsuit based on their positions as supervisors, directors, or governing officials. He does not, however, present facts that would reflect that

these defendants had any personal participation in the wrongs alleged. Accordingly, these defendants should be dismissed from this action.

## Conclusion

The undersigned recommends that the claims against Marshall Fisher, Ms. Robinson, 24 Unknowns, Richard Pennington, Tony Foster, Ron King, and Earnest Lee be dismissed with prejudice. In addition, in light of the court's previous findings, the following claims should be dismissed with prejudice: the loss of Weathington's personal property; the Administrative Remedy Program's unreasonably lengthy response time; insect and rodent infestation; forced recreation in long pants; unconstitutional administrative segregation conditions; broken windows and cracks in the walls in Unit 29G; unreasonable work hours for guards; the lack of cleaning supplies; tasteless food; general guard assaults on inmates; unequal distribution of toilet paper; the absence of mirrors; failure to provide indigents or those on restriction with hygiene items; general officer threats to inmates; restriction to use of force policy; the absence of sprinklers; the absence of emergency duress buttons; the absence of tables for eating or writing; the absence of hooks on which to hang clothing; and inadequate recreational time.

Weathington has sufficiently alleged that the following claims have violated his constitutional rights: access to court violations (Claims 9, 17, and 20); infringement on his First Amendment rights to receive mail (Claim 22) and practice his faith (Claim 1); violation of his due process rights and Eighth Amendment rights by the Rule Violation Report and disciplinary hearing process (Claims 3, 4, and 16); and excessive force (Claim 5). These claims should proceed against the following defendants: Officer Clark, Page, Timothy Morris, Stanley Brooks, Unknown Officer #3, the Mississippi Department of Corrections, Delois Roy, Kathryn McIntyre, Unkown Officer # 1, Unknown Officer. #2, and Chaplain Bays.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendations in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. . . .". *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this the 30th day of March, 2016.

    s/ S. Allan Alexander
    UNITED STATES MAGISTRATE JUDGE