# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION


JEROME WEATHINGTON                                                          PLAINTIFF

V.                                          CIVIL ACTION NO.:  4:15CV171-MPM-SAA

OFC. CLARK, ET AL.                                                          DEFENDANTS

## JUDGMENT

Before the Court is the Report and Recommendation of the United States Magistrate Judge dated March 30, 2016, and Plaintiff's objections thereto.  Upon consideration of the file and records in this action, the Court finds that the Magistrate Judge's Report and Recommendation should be overruled in part and approved and adopted in part.

By way of history, the Court notes that Plaintiff filed the instant lawsuit raising twenty-nine claims concerning circumstances and conditions at the Mississippi State Penitentiary at Parchman ("Parchman").  He requested only injunctive relief as to Claims 6-8, 10-15, 18-19, 23, and 25-29.  After filing the complaint, he was moved to the South Mississippi Correctional Institution, located outside of this judicial district.   The Magistrate Judge concluded that Plaintiff's claims requesting only injunctive relief should, therefore, be dismissed as moot.

Plaintiff raises five objections to the Magistrate Judge's Report and Recommendation, four of which relate to claims for which Plaintiff sought only injunctive relief.  In his objections to the dismissal of these claims, Plaintiff maintains that the conditions underlying the claims are systemic and exist at all Mississippi Department of Corrections ("MDOC") facilities.  The Court determines that the Magistrate Judge correctly found that Plaintiff's transfer renders his claims for injunctive relief moot.  *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding transfer from unit rendered prisoner's claims for declaratory and injunctive relief moot).  Plaintiff is not precluded from pursuing claims concerning conditions at the facility where he is currently

housed by virtue of the Magistrate Judge's ruling, but he must file a lawsuit challenging those conditions in the district wherein he is housed. *See* 28 U.S.C. § 1391(b) (venue statute). Therefore, Plaintiff's objections to his claims seeking injunctive relief are overruled.

Plaintiff's remaining objection concerns the recommendation that his loss of personal property claim be dismissed. Weathington, a federal inmate, was transferred to MDOC custody in May 2015. According to Weathington, he later attempted to have his personal property mailed to him, but the mailroom at Parchman rejected the package in August 2015 for the sender's failure to include a return address on the package. The property is now presumably lost. The Magistrate Judge recommended dismissal of this claim based on the *Parratt-Hudson* doctrine, which holds that "a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate postdeprivation remedy." *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995) (citation omitted).

Plaintiff objects to the recommendation of dismissal, arguing that his property loss was not "random and unauthorized," but rather, it was rejected pursuant to the MDOC mail policy. Accepting Plaintiff's allegation as true, the Court finds that this claim should be allowed to proceed against MDOC Commissioner, Marshall Fisher. *See, e.g., Augustine v. Doe*, 740 F.2d 322, 327-28 (5th Cir. 1984) (noting that if the state can provide predeprivation process, the *Parratt-Hudson* analysis is inapplicable); *see also* Miss. Code Ann. § 47-5-20 (granting commissioner power to establish rules, regulations, and policy).

It is, therefore, **ORDERED**:

1. That Plaintiff's objections to the Magistrate Judge's Report and Recommendation as to the loss of his personal property claim is **SUSTAINED**, and the Magistrate Judge's Report and Recommendation is **OVERRULED** as to that claim and the dismissal of Marshall Fisher as

a defendant.  The previously entered Process and Scheduling order is applicable to this claim and defendant.

2.  That Plaintiff's remaining objections are **OVERRULED**, and that the Report and Recommendation of the United States Magistrate Judge dated March 30, 2016, is hereby **APPROVED AND ADOPTED** as the opinion of the Court as to all other claims and defendants.

3.  That Ms. Robinson, 24 Unknowns, Richard Pennington, Tony Foster, Ron King, and Earnest Lee are **DISMISSED** from this cause.

4.  That the following claims are **DISMISSED**:  the Administrative Remedy Program's unreasonably lengthy response time; insect and rodent infestation; forced recreation in long pants; unconstitutional administrative segregation conditions; broken windows and cracks in the walls in Unit 29G; unreasonable work hours for guards; the lack of cleaning supplies; tasteless food; general guard assaults on inmates; unequal distribution of toilet paper; the absence of mirrors; failure to provide indigents or those on restriction with hygiene items; general officer threats to inmates; restriction to use of force policy; the absence of sprinklers; the absence of emergency duress buttons; the absence of tables for eating or writing; the absence of hooks on which to hang clothing; and inadequate recreational time.

5.  That Plaintiff's remaining claims against the remaining Defendants will **PROCEED**.

**THIS** the 12th day of April, 2016.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**